REDACTED

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR ISSUANCE OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Christi Pickett, being duly sworn and deposed, states as follows:

2:16 MJ 175

Introduction

1.  I am a Special Agent (SA) with the Naval Criminal Investigative Service (NCIS) in the Norfolk, VA field office and have been so employed since May 2014. At NCIS, I am responsible for investigating federal crimes, including crimes against persons, crimes against property, and any other crimes related to the United States Department of the Navy.

2.  I have attended and successfully completed the Federal Law Enforcement Training Center (FLETC) Criminal Investigator Training Program (CITP), the NCIS Special Agent Basic Training Program (SABTP). These trainings covered many aspects of criminal investigations, including: (a) identifying the means and techniques through which persons engage in criminal activities related to fraud, (b) preparing affidavits in investigations in support of the seizure of records, and (c) analyzing seized data for evidence of criminal activity. I have experience in conducting surveillance, executing search and arrest warrants, and debriefing defendants and witnesses about criminal activities.

3.  The information in this affidavit is based on my knowledge of facts discovered during the investigation and on information provided by other law enforcement investigators and witnesses during the course of the investigation. This information has been obtained from surveillance activities, victim and witness interviews, interviews of sources of information; review of documents and computer records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gathered though my training and experience.

1

4. Since this affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and the issuance of arrest warrant, I have not included each and every fact known to the investigative team concerning this investigation. I have set forth only those facts that are necessary to establish probable cause that CLAYTON PRESSLEY, III (hereinafter referred to as "PRESSLEY"), committed the following offenses: identity theft, in violation of 18 U.S.C. § 1028(a)(7), and bank fraud, in violation of 18 U.S.C. § 1344.

### Applicable Statutes

5. Title 18 U.S.C. § 1028(a)(7), Fraud and related activity in connection with identification documents, authentication features, and information: Section 1028(a)(7) makes it a criminal offense for a person, to knowingly transfer or use, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law, under the circumstances enumerated in Title 18 U.S.C. § 1028(c), including the transfer of a document by electronic means.

6. Title 18 U.S.C. § 1344, Bank Fraud: Section 1344 makes it a criminal offense for a person to knowingly execute, or attempt to execute, a scheme or artifice: (1) to defraud a financial institution; or (2) to obtain any of the monies, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

### Investigative Background

7. On October 15, 2015, the Naval Criminal Investigative Service (NCIS) received a complaint from JB, United States Navy, alleging his identity had been used to apply for and receive fraudulent loans and credit cards. JB is a member of the United States Navy. The

defendant, Clayton PRESSLEY, is JB's former supervisor.

8. JB reported to NCIS that on August 12, 2015, he received a letter of denial from Discover Financial Services in reference to a personal loan application. Discover Financial Services is a direct banking and payments company offering credit cards, banking products, loans and payments services. It is insured by the Federal Deposit Insurance Corporation (FDIC). JB contacted Discover and was advised his name, previous address and full Social Security Number (SSN) had been used to apply for the loan. JB notified his chain of command via his supervisor, PRESSLEY. On August 14, 2015, JB spoke with additional financial institutions, Springleaf Financial (complaint ID 25214), Freedom Plus/Cross River, and Pioneer MCB. All of these financial institutions appeared on his credit report, without JB having opened accounts or conducted business with them. JB received letters regarding loan denials from BB&T, Freedom Plus/Cross River, OneMain Financial, and Springleaf Financial, in addition to Discover Financial Services. JB also received a letter from SunTrust bank indicating his account information, to include change of address, had been updated. SunTrust is a financial institution insured by the FDIC. JB had not opened an account with SunTrust bank.

9. On October 14, 2015, JB was contacted by the Pioneer Mid County Bank (MCB) Fraud Department. Pioneer MCB is a financial institution offering banking and loan services. It is insured by the FDIC. While speaking with Pioneer MCB Fraud Department Representative Jacky Dixon, JB was asked if he was familiar with the name "Clayton Pressley." JB confirmed he knew someone by that name. Dixon informed JB that over the course of the investigation conducted by Pioneer MCB Fraud Department, the name Clayton Pressley and the phone number (757) ▮▮▮▮▮▮▮ were listed on the account held under his name. JB looked at the contacts in his cellular phone, and the number (757) ▮▮▮▮▮▮▮ was the number he had associated with the

defendant, PRESSLEY. Pioneer MCB confirmed they have a recording of a man calling the loan department from that number.

10. On January 6, 2016, NH, a member of the United States Navy, contacted NCIS to report that he was the victim of identity theft and believed his former supervisor, PRESSLEY, was responsible. NH was contacted through his chain of command by Pioneer Services, a division of Mid Country Bank, a financial institution insured by the FDIC, regarding late payments due on a personal loan taken out in his name in the amount of $10,000. NH advised that he did not acquire a loan from Pioneer Services. He began the process of making the claim for fraud with Pioneer Services to absolve him of responsibility. NH was provided with a cardholder information and transaction history for a virtual card associated with the loan account. A portion of the monies disbursed by the bank were loaded onto the virtual card, which can be used for point of sale (POS) transactions. One transaction listed on the transaction history is associated with a Square POS device, which is associated with the name Clayton Pressley of Chesapeake, VA. NH also noted an account for SunTrust bank was opened under his name and a loan application was filed for that account without his knowledge, but was denied based on SunTrust bank believing the application to be fraudulent.

11. On January 7, 2016, NCIS contacted Pioneer Services Fraud Department to discuss the two incidents of fraud/identity theft. A representative from Pioneer indicated two loans totaling $14,000 were obtained under the identification of JB and one loan totaling $10,000 was obtained under the identification of NH. The representative stated a loan of $6,500 was obtained via an online application on July 18, 2015, utilizing JB's identity and information. The online application was submitted by electronic means in or affecting interstate commerce, utilizing JB's personal identifiers. The funds were split in disbursement, with $1,000, being

loaded to a virtual POS card, and the remaining $5,500 being disbursed to a currently unknown bank account. On August 6, 2015, a loan in the amount of $7,500 was obtained via online application, a document submitted electronically in or affecting interstate commerce, utilizing JB's identity and information, as well as a refinance of the loan obtained on July 18, 2015. All of these funds were disbursed electronically into a currently unidentified bank account.

12. On January 7, 2016, JB provided NCIS a copy of the cardholder information and transaction history for a virtual card associated with the loan account provided to JB. The document shows one transaction associated with a Square POS device associated with the name Clayton Pressley of Chesapeake, VA. On March 17, 2016, NCIS visited Jimmy Johns #1059, located at 1220 Greenbriar Parkway, Chesapeake, VA. The transaction history printout associated with the virtual card issued under the name JB showed a purchase utilizing the card at this location on August 7, 2015. Jimmy John's personnel were able to pull up the transaction which was under the following profile: Clay Pressley, [redacted], Chesapeake, telephone number 757-[redacted]. The printout showed the order was for delivery to the above address, and the date, time, and amount matched the printout provided by Pioneer Services. This address has been verified as the previous address of PRESSLEY.

13. As the supervisor of both JB and NH, PRESSLEY would have had access to their personal identifiable information, to include full name, full social security number, addresses, telephone numbers, and pay information based on time in service and rank.

14. Based on your affiant's training and experience and a review of the evidence gathered to date, your affiant submits that there is probable cause to believe that CLAYTON PRESSLEY, III devised a scheme to defraud multiple financial institutions by submitting fraudulent loan applications, through documents transmitted electronically in or affecting

interstate commerce, to obtain monies by means of materially false and fraudulent pretenses, and, for the purposes of executing such scheme, knowingly executed, or attempted to execute, a scheme or artifice to defraud a financial institution or to obtain any of the monies, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises and knowingly possessed and used, without lawful authority the identification of another person to commit a felony.

## Conclusion

15. Accordingly, I submit that probable cause exists to believe that CLAYTON PRESSLEY, III committed the following offenses: identity theft, in violation of 18 U.S.C. § 1028(a)(7), and bank fraud, in violation of 18 U.S.C. § 1344.

16. I therefore request the issuance of a warrant to arrest CLAYTON PRESSLEY III, based upon probable cause that he committed the offenses as outlined above and in the attached criminal complaint.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Christi Pickett, Special Agent
Naval Criminal Investigative Service

Sworn and subscribed to before me this 13th day of April 2016, at Norfolk, VA.

_____
Robert J. Krask
United States Magistrate Judge
UNITED STATES MAGISTRATE JUDGE

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY_____
DEPUTY CLERK